UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-291-GWU

ROGER DEAN MERRITT, PLAINTIFF,

VS.     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Roger Merritt brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

08-291 Roger Dean Merritt

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

08-291 Roger Dean Merritt

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Merritt, a 47-year-old former material handler, oiler/greaser and baker helper with a "limited" education, suffered from impairments related to lumbar disc disease with chronic low back pain, a history of hypertension, a history of alcohol abuse and a depressive disorder. (Tr. 15, 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 19, 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

The time frame relevant to Merritt's claim is rather unusual.  The plaintiff filed his application for DIB on June 23, 2006 and his application for SSI on June 19, 2006, with each alleging a disability onset date of December 31, 1995.  (Tr. 59, 66-67).  The plaintiff's DIB-insured status expired on March 31, 1998.  (Tr. 15).  Thus, the claimant must prove that he was disabled during this somewhat remote time period to qualify for DIB.  A very different time period is pertinent to the SSI claim.  The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after the application date.  <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).  Thus, the relevant time frame for SSI consideration runs from the June 19, 2006 filing date through the October 25, 2007 date of the ALJ's final decision.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence for both the DIB and SSI time periods.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop; (2) a need to avoid exposure to hazardous or vibrating machinery; (3) a need to avoid exposure to temperature extremes and wet or humid environments; (4) a

"limited but satisfactory" ability to deal with co-workers, the public, supervisors and stress; and (5) a limitation to simple, one-two-step instructions. (Tr. 370-371). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 371). The ALJ later asked about the effect of a sit/stand option at thirty minute intervals. (Id.). The witness indicated that there would be no change in the aforementioned job numbers with the addition of this limitation. (Id.). Ellis later stated a change of the mental limitations from "limited but satisfactory" to "severely limited but not precluded" would also not reduce the job numbers. (Id.). Therefore, assuming that the vocational factors considered by the expert fairly characterized Merritt's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Merritt was found not disabled and capable of performing a restricted range of light level work in an administrative decision which became final on May 17, 2002. (Tr. 38-48). The defendant asserts that this decision is final and binding under the doctrine of res judicata and, so, precludes a finding of disabled status on the DIB application since the time period for consideration would have expired before this date. However, the undersigned notes that this prior application was for SSI only. (Tr. 38). The SSI protective filing date in the action was July 17, 2000. (Id.). The time period for consideration in this earlier action as per Casey, 987 F.2d at 1233, ran from the July 17, 2000 protective filing date through the May 17, 2002

6

date of the ALJ's final decision.  Thus, the December 31, 1995 through March 31, 1998 time period relevant to the current DIB claim was not adjudicated--leaving the possibility for at least a closed period of DIB.

Nevertheless, the court finds that substantial evidence supports the ALJ's finding that Merritt was not disabled during the time period relevant to his DIB claim. The plaintiff had the burden of bringing forth sufficient evidence to prove his disability claim.  Foster v. Halter, 279 F.2d 348, 353 (6th Cir. 2001).  Most of the evidence submitted in this action is dated well after the March 31, 1998 date last insured. (Tr. 2-4).  In particular, the court notes that the evidence that the claimant primarily relies upon in this action--Dr. Peter Rock's assessment (Tr. 321-323) and the Cumberland River Comprehensive Care Center treatment notes (Tr. 307-318, 327-350)--are dated from October, 2006 through April, 2007.  This information is very remote from the time frame pertinent to the DIB claim and does not necessarily "relate back" to this period.  The only evidence dated from the relevant time period consists of three treatment notes from the East Bernstadt Medical Clinic dated from February, 1996 to February, 1997.  (Tr. 219).  These notes do not indicate the existence of disabling restrictions and document only routine medical treatment for essentially minor ailments. (Id.).  Therefore, Merritt has failed to prove his condition was more severe during the DIB relevant time period than was found by the ALJ and considered by the vocational expert in the hypothetical question.

08-291  Roger Dean Merritt

The undersigned next turns to the time frame relevant to the SSI claim which began in June of 2006.  As previously noted, Merritt was found not disabled and restricted to a limited range of light level work in a May 17, 2002 denial decision. (Tr. 38-48).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's findings of a restricted range of light level work in this current action is in accord with these directives.

Dr. Parandhamulu Saranga, a non-examining source, reviewed the record in October of 2006 and opined that Merritt could perform medium level work reduced from a full range by inability to more than occasionally climb ladders, ropes and scaffolds. (Tr. 292-300).  The physical factors of the hypothetical question were consistent with this opinion.

In November of 2006, Dr. Rock, a treating source at the East Bernstadt Medical Clinic, submitted an assessment form indicating that Merritt was restricted to less than a full range of sedentary level work. (Tr. 321-323).  The ALJ rejected

8

08-291 Roger Dean Merritt

this opinion as binding because it was not well-supported by objective medical data. (Tr. 21). This action appears appropriate. On the assessment form, Dr. Rock did not identify any objective findings supporting the very severe restrictions. Treatment notes from Dr. Rock dated October, 2006 reveal negative straight leg raising and normal reflexes, and the copies of CT scans and MRI reports had not been received from treating specialists. (Tr. 207). The previous August, 2006 office note indicated that the patient's neurological examination had been benign. (Tr. 208). The extremities were normal. (Id.). In June of 2006, the claimant's extremities were symmetric. (Id.). The doctor also noted that his lungs were clear and his heart sounds regular. (Id.). Thus, Dr. Rock's treatment records fail to provide objective evidence to support his very severe limitations. Therefore, the ALJ could properly reject this unsupported opinion.

      The ALJ also dealt properly with the evidence of record relating to Merritt's mental condition. Dr. Kevin Eggerman examined Merritt and diagnosed a depressive disorder and alcohol abuse in full remission. (Tr. 202). Dr. Eggerman opined that the plaintiff would have no more than "mild" limitations in such areas as handling simple instructions, making judgments, and responding appropriately to changes in the routine work setting. (Tr. 203). The claimant would be "mildly to moderately" restricted in interacting appropriately with the public, supervisors, or co-workers and in responding to work pressures. (Id.). The doctor indicated that

9

08-291  Roger Dean Merritt

Merritt would be "moderately" limited in ability to deal with detailed instructions. (Id.).  The ALJ's hypothetical question was essentially consistent with these restrictions.

Psychologists Edward Stodola (Tr. 235) and Jay Athy (Tr. 264) each reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment.  These reports also do not support Merritt's claim of total disability and provide additional support for the administrative decision.

Merritt sought treatment for his mental problems at the Cumberland River Comprehensive Care Center. (Tr. 307-318, 327-350).  Upon admission in October of 2006, the plaintiff was diagnosed as suffering from a dysthymic disorder with a possible major depressive disorder.  (Tr. 317).  The claimant's Global Assessment of Functioning (GAF) was rated at 60.  (Id.).  Such a GAF suggests only the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  This GAF rating is compatible with the ALJ's findings.

Roberta Tackett, a Nurse-Practitioner at Cumberland River, identified far more severe mental limitations than those found by the ALJ on a January, 2007 Mental Medical Source Statement of Ability to do Work-Related Activities Form.  (Tr. 324-326).  As noted by the ALJ (Tr. 21), Tackett was not an "acceptable medical source" under the federal regulations at 20 C.F.R. § 404.1513 and § 416.913.  (Id.).

Thus, her opinion was not binding on the ALJ who properly rejected it in favor of that of Dr. Eggerman. (Id.). Therefore, the court finds no error.

Merritt asserts that the hypothetical question did not fairly characterize his mental condition by failing to include his specific mental conditions such as borderline intelligence. The ALJ did find that the plaintiff suffered from a "severe" mental impairment and a number of mental limitations were presented in the hypothetical question which the court has already determined fairly depicted his condition as required by <u>Varley</u>. A hypothetical question is not required to include a list of a claimant's medical conditions. <u>Webb v. Commissioner of Social Security</u>, 368 F.3d 629, 633 (6th Cir. 2004). Therefore, the court must reject the plaintiff's argument.

Merritt also argues that the ALJ erred by failing to cite specific reasons why his testimony was not found fully credible. However, the ALJ cited a number of reasons for this finding. The ALJ noted that despite the plaintiff's claims of back pain, he had not sought neurological treatment since 1989, nor any type of physical therapy, pain management care or chiropractic care. (Tr. 20). Physical examination results had been largely unremarkable with only minimal abnormalities being appreciated. (Id.). His problem with hypertension appeared well-managed and he had not required cardiac care. (Id.). Despite his claims of disabling mental problems, Dr. Eggerman and his recent treating mental health source each reported

08-291  Roger Dean Merritt

a GAF indicating only moderate symptoms. (Id.). Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of July, 2009.

Signed By:
*G. Wix Unthank*
United States Senior Judge